State v. Hill

STATE OF NORTH CAROLINA v. EDWARD HILL

No. 767SC679

(Filed 2 February 1977)

1. **Criminal Law § 51— failure to find witness expert — finding presumed from testimony**

   It is not necessary for the court to make a specific finding that a witness is qualified as an expert when the defendant objects to the witness's qualification; however, if the evidence indicates that the witness is qualified, the court's admission of his testimony is presumed to be such a finding.

2. **Homicide § 21— death by shooting — sufficiency of evidence**

   Evidence in a homicide case was sufficient to be submitted to the jury where it tended to show that both defendant and deceased had been out drinking; they were arguing; defendant asked deceased to go to bed with him but she refused; witnesses heard a shot; defendant told them to "come see what I did to [deceased]"; and deceased died as a result of a gunshot wound.

3. **Criminal Law § 112— instructions on circumstantial evidence — request required**

   Absent a request for special instructions, the court was not required to instruct the jury as to how it should view circumstantial evidence in a homicide case.

4. **Homicide § 26— second degree murder — instruction proper**

   The trial court's instruction in a homicide case that "the law implies that the killing was unlawful and that it was done with malice and if nothing else appears, the defendant would be guilty of second degree murder" did not fail to require the State to prove each and every element of the offense as required by *Mullaney v. Wilbur*, 421 U.S. 684.

5. **Homicide § 21— death by shooting — involuntary manslaughter — sufficiency of evidence**

   There was sufficient evidence showing a wanton or reckless use of a firearm for the trial judge to charge the jury on involuntary manslaughter where the evidence tended to show that defendant had been drinking; he knew the gun was "funny and dangerous"; he knew the safety was broken; and he admitted firing the shot that mortally wounded deceased.

APPEAL by defendant from *Cowper, Judge*. Judgment entered 19 March 1976 in Superior Court, WILSON County. Heard in the Court of Appeals 19 January 1977.

Defendant was charged in an indictment with the first degree murder of Christine Manning on 18 December 1975. He

was placed on trial for second degree murder or any lesser included offense. The defendant pleaded not guilty.

State's evidence tended to show that Christine Manning, Corneleus Turner, Josephine Manning, George Sanders, and the defendant all lived together in a house; that defendant and Christine had been drinking and were arguing on the night of 14 December 1975; that several of the others heard a shot from the room occupied by defendant and Christine; that defendant came out and told the others to see what he had done; that the others entered the room and found Christine bleeding and a rifle lying on the floor; that a .22 rifle was subsequently seized from the room; and that Christine died on 18 December from a gunshot wound to her neck.

Defendant testified that there had been no argument between him and Christine and that the gun went off accidentally while he was cleaning it.

In rebuttal, State presented evidence tending to show that defendant had told the police three different versions of his story: that the rifle discharged when it fell to the floor; that the rifle discharged when he threw it into the corner of the room; and that the rifle discharged while he was cleaning it.

The jury returned a verdict finding the defendant guilty of involuntary manslaughter whereupon the defendant was sentenced to not less than three nor more than five years in the Department of Correction.

The defendant appealed.

*Attorney General Edmisten, by Association Attorney Ben G. Irons, for the State.*

*Farris, Thomas and Farris, by Robert A. Farris, for the defendant.*

MARTIN, Judge.

Defendant first contends the court erred in permitting the county medical examiner to testify concerning the cause of the decedent's death. He argues that the doctor presented by the State was not qualified to state his opinion as to the cause of death because he was not found to be an expert, he did not

personally perform the autopsy on the victim in order to obtain personal knowledge, and he was not asked a proper hypothetical question.

[1] The qualification of an expert is normally addressed to the sound discretion of the trial judge and

> " '[t]he court's findings that a witness is qualified as an expert will not be disturbed on appeal if there is evidence to show that, through study or experience, or both, he has acquired such skill that he is better qualified than the jury to form an opinion on the particular subject as to which he testifies.' " (Citations omitted.) *State v. Carey,* 288 N.C. 254, 265, 218 S.E. 2d 387, 394 (1975).

Moreover, it is not necessary for the court to make a specific finding when the defendant objects to the witness's qualification. If the evidence indicates that the witness is qualified, the court's admission of his testimony is presumed to be such a finding. *State v. Jenerett,* 281 N.C. 81, 187 S.E. 2d 735 (1972); *State v. Carey, supra.* In the case at bar, there was ample evidence to support such a finding. This assignment of error is therefore overruled.

Defendant next contends the court erred in failing to adequately define the term "corroborative evidence." He contends the jury was unduly misled and confused as a result. In *State v. Hardee,* 6 N.C. App. 147, 150, 169 S.E. 2d 533, 536 (1969) this Court said:

> "Defendant's mere assertion that the jury probably did not know the meaning of the word [corroborative] is clearly insufficient to show prejudicial error."

Although the court's instruction in defining the term "corroborative" was incomplete, we think it was not prejudicial.

[2] Defendant's contention that the court erred in denying the defendant's motion for nonsuit cannot be sustained.

> "Upon the defendant's motion for judgment of nonsuit in a criminal action, the question for the court is whether there is substantial evidence of each essential element of the offense charged, or of a lesser offense included therein, and of the defendant's being the perpetrator of such offense. If so, the motion is properly denied." (Citations omit-

ted.) *State v. Vestal,* 278 N.C. 561, 567, 180 S.E. 2d 755, 759 (1971).

In the instant case the evidence shows that both defendant and deceased had been out drinking; that they were arguing; that defendant asked deceased to go to bed with him and she replied that "she won't never going to bed with him no more"; that witnesses heard a shot; that defendant told them "come see what I did to Chris"; and that Christine died as a result of the gunshot wound. This evidence, when viewed in the light most favorable to the State, was amply sufficient to require submission of the case to the jury, and defendant's motion for nonsuit was properly denied. See *State v. Rigsbee,* 285 N.C. 708, 208 S.E. 2d 656 (1974); *State v. McWilliams,* 277 N.C. 680, 178 S.E. 2d 476 (1971).

[3] In defendant's final assignment of error, he contends the court erred in its charge to the jury in several respects. He first contends the court should have defined the term "circumstantial evidence." We feel, however, that the court correctly instructed the jury as to the burden and quantum of proof required for conviction, and, absent a request for special instructions, the court was not required to instruct the jury as to how it should view circumstantial evidence. *State v. Warren,* 228 N.C. 22, 44 S.E. 2d 207 (1947); *State v. Candler,* 25 N.C. App. 318, 212 S.E. 2d 901 (1975).

[4] The defendant next contends the court erred in making the following charge:

> " . . . [T]he law implies that the killing was unlawful and that it was done with malice and if nothing else appears, the defendant would be guilty of second degree murder."

Defendant argues that such instruction fails to require the State to prove each and every element of the offense as required by *Mullaney v. Wilbur,* 421 U.S. 684, 44 L.Ed. 2d 508, 95 S.Ct. 1881 (1975). In its interpretation of *Mullaney, supra,* our Court in *State v. Hankerson,* 288 N.C. 632, 651, 220 S.E. 2d 575, 589 (1975), said:

> "[T]he State must bear the burden throughout the trial of proving each element of the crime charged including, where applicable, malice and unlawfulness beyond a reasonable doubt. The decision permits the state to rely on mandatory presumptions of malice and unlawfulness upon proof be-

State v. Hill

yond a reasonable doubt that the defendant intentionally inflicted a wound upon the deceased with a deadly weapon which proximately resulted in death. If, after the mandatory presumptions are raised, there is no evidence of a heat of passion killing on sudden provocation and no evidence that the killing was in self-defense, *Mullaney* permits and our law requires the jury to be instructed that defendant must be convicted of murder in the second degree. If, on the other hand, there is evidence in the case of all the elements of heat of passion on sudden provocation the mandatory presumption of malice disappears but the logical inferences from the facts proved remain in the case to be weighed against this evidence. If upon considering all the evidence, including the inferences and the evidence of heat of passion, the jury is left with a reasonable doubt as to the existence of malice it must find the defendant not guilty of murder in the second degree. . . . "

We think the instruction in the case at bar was adequate. However, even if we assume, *arguendo,* that the instruction was erroneous, it was harmless, as the defendant was not found guilty of second degree murder.

[5] Finally, defendant argues that the judge erred by instructing the jury on involuntary manslaughter since there was no evidence to support such a conviction. He contends that the State's evidence showed second degree murder and that his evidence showed accidental shooting. We have reviewed the evidence, however, and find that there was evidence the defendant had been drinking; that he knew the gun was "funny and dangerous"; that he knew the safety was broken; and that he admitted firing the shot that mortally wounded the deceased. We therefore conclude that there was sufficient evidence showing a wanton or reckless use of a firearm for the trial judge to charge the jury on involuntary manslaughter.

We have carefully examined defendant's remaining assignments of error and find no prejudicial error.

No error.

Judges PARKER and ARNOLD concur.