STATE OF NORTH CAROLINA v. ROBERT STEVENSON DOISEY

No. COA97-982

(Filed 5 July 2000)

**1. Appeal and Error— preservation of issues—failure to object**

Although defendant assigns error to the admission of testimony regarding videotapes and a camcorder, he has waived this argument because he permitted prior and subsequent admission of evidence regarding the videotapes and camcorder without objection. N.C. R. App. P. 10(b)(1).

**2. Evidence— videotapes and camcorder—no plain error**

Although the trial court erred in a first-degree statutory sex offense case by admitting testimony under N.C.G.S. § 8C-1, Rule 404(b) regarding videotapes and a camcorder defendant used to record activities in a bathroom since this evidence did not tend to show defendant's plan or scheme to sexually assault the minor victim, defendant failed to show plain error in light of all the evidence in the case.

**3. Criminal Law— motion for appropriate relief—recanted testimony**

The trial court did not abuse its discretion in a first-degree sexual offense case by denying defendant's motion for appropri-

STATE v. DOISEY

[138 N.C. App. 620 (2000)]

ate relief (MAR) under N.C.G.S. § 15A-1420, based on the trial court's finding that it was not reasonably well satisfied that the minor child's testimony at the original trial was false, because: (1) the minor victim stated she signed an affidavit recanting her testimony at trial, and testified that her testimony at the original trial was false at the 1 July 1998 hearing on defendant's MAR, after being repeatedly questioned by defendant's friends and family members about the facts leading to the conviction; (2) the trial court found as fact that the minor victim reaffirmed at the 13 December 1999 hearing that her testimony at trial was correct, thus repudiating her recantation; and (3) the trial court found the minor victim found this situation to be extremely embarrassing to her, and she told her friends and others that it did not happen since she was embarrassed by defendant's actions.

Appeal by defendant from judgment dated 25 April 1997 by Judge Henry V. Barnette, Jr. in Halifax County Superior Court, and from an order filed 3 January 2000 by Judge Thomas D. Haigwood. Heard in the Court of Appeals 14 March 2000.

*Attorney General Michael F. Easley, by Assistant Attorneys General Julia R. Hoke and Amy C. Kunstling, for the State.*

*Ronnie C. Reaves, P.A., by Lynn Pierce; and Rudolf Maher Widenhouse & Fialko, by M. Gordon Widenhouse, Jr., for defendant-appellant.*

GREENE, Judge.

Robert Stevenson Doisey (Defendant) appeals from a jury verdict finding him guilty of two counts of first-degree statutory sex offense and also seeks review of an order filed 3 January 2000 denying his motion for appropriate relief.

*Trial*

At trial, D.H., the victim, testified that during the first week of December in 1995 she was living with her mother Nannie B. Gauldin (Gauldin), her siblings, and Defendant, Gauldin's live-in boyfriend. On an afternoon during that week when Gauldin was not at home, Defendant told D.H. to go into her bedroom and take off her clothes. D.H., who was twelve years old at the time, did so, and Defendant then came into her bedroom and stuck his finger into her vagina. He also stuck his penis into her mouth, vagina, and "butt." Defendant

then told D.H. to put her clothes back on and threatened to punish her if she told anyone what had happened.

During the night of 10 January 1996, Defendant again entered D.H.'s bedroom and told her to take off her clothes. After she removed her clothing, Defendant stuck his finger into her vagina and "butt." He also stuck his penis into her mouth, vagina, and "butt." Defendant then heard Gauldin walking in the hallway, and he told D.H. to go into the bathroom. When Gauldin entered D.H.'s bedroom, Defendant told her D.H. had seen someone outside of the window. While Defendant was outside looking around, D.H. told Gauldin Defendant had "messed" with her. The next morning Gauldin went into D.H.'s room and asked her what had happened. After D.H. related what had happened, Gauldin called the police and Defendant was arrested later that morning.

Gauldin testified she found Defendant in D.H.'s room on the evening of 10 January 1996, and D.H. told her Defendant had "messed" with her. D.H. later described Defendant's conduct to Gauldin, and D.H.'s statements to Gauldin were consistent with D.H.'s testimony at trial. Gauldin testified that on the day following Defendant's arrest, law enforcement officers returned to D.H.'s home and Gauldin turned over several items to them, including two videotapes. Gauldin testified, without objection, the officers found a camcorder "[i]n the bathroom[,] in a table beside the toilet." She stated Defendant had the camcorder "hooked up somehow or other so he could record people that come in and out of the bathroom, and [her] kids, when they would take baths at nighttime." She testified she did not know what was on the videotapes she had turned over to the officers.

During cross-examination, Defendant's counsel questioned Gauldin regarding how the camcorder came to be in the bathroom, and she stated she did not know. Defendant's counsel asked Gauldin if she had asked Defendant to set up the camcorder in the bathroom, and Gauldin responded that she had not.

William Otis Wheeler (Wheeler), an investigator with the Halifax County Sheriff's Department, testified he was assigned to investigate D.H.'s case. He stated D.H. made a statement to him regarding Defendant's actions which was consistent with D.H.'s testimony at trial. On the morning Defendant was arrested, Wheeler went to D.H.'s home and took possession of several items, including two videotapes. Wheeler testified, over Defendant's objection, he had viewed the

videotapes and they contained video of children and adults, including Defendant and Gauldin, coming into a bathroom and using the facilities. Wheeler stated that after he viewed the videotapes he contacted Gauldin and received permission to search her bathroom for a VCR or camcorder. Officers discovered a camcorder inside a table positioned next to the toilet in the bathroom. Wheeler described, without objection, how the camcorder was hooked up inside the table. Photographs of the camcorder and table were also admitted into evidence without objection.

On cross-examination, Defendant's counsel questioned Wheeler regarding these photographs and the method used to hook up the camcorder inside the table. Defendant's counsel also questioned Wheeler regarding the contents of both videotapes.

At the close of the State's evidence, Defendant testified and denied D.H.'s allegations of sexual abuse. He stated he had punished D.H. beginning in late November for misbehavior at school. He also stated he had been fighting with Gauldin, and had informed her on the evening prior to his arrest that he was moving out of her home. He testified Gauldin wanted him to place the camcorder in the bathroom, and she was aware the camcorder was in the bathroom. Defendant then described in detail the method he used to hook up the camcorder.

### Motion for Appropriate Relief

While Defendant's appeal was pending before this Court, Defendant filed a motion for appropriate relief in this court, pursuant to N.C. Gen. Stat. § 15A-1415, requesting a new trial on the ground D.H. had recanted her testimony. In an order dated 9 February 1998, we remanded this case to the Superior Court of Halifax County for a determination of the matters alleged in the motion for appropriate relief. The trial court held hearings on the motion on 1 July 1998 and 13 December 1999.[1] On 3 January 2000, the trial court filed an order in the Superior Court of Halifax County denying Defendant's motion for appropriate relief, and the order was filed in this Court on 6 January 2000. Review of this order is properly before this Court pursuant to N.C. Gen. Stat. § 15A-1422(c)(2).

1. The Honorable Louis B. Meyer presided over the 1 July 1998 hearing and, because Judge Meyer subsequently became seriously ill, he did not enter a ruling on Defendant's motion. The Honorable Thomas D. Haigwood was therefore assigned to enter an order on the motion, and Judge Haigwood presided over the 13 December 1999 hearing.

STATE v. DOISEY

[138 N.C. App. 620 (2000)]

In its order filed 3 January 2000, the trial court made the following pertinent findings of fact:

5. That the basis for the Motion for Appropriate Relief was an affidavit offered by [D.H.] which stated she offered false testimony at the trial of . . . [D]efendant.

. . . .

9. That on Monday, December 13, 1999, [D.H.] testified . . . that she did sign an affidavit alleging that she testified falsely during the original trial of this matter, but that her testimony at trial was in fact correct. Further, that she testified and the court finds that she signed the affidavit after being repeatedly questioned about the facts leading to the conviction of . . . [D]efendant by friends and family members of . . . [D]efendant and also in an effort to avoid having to again testify in this matter.

. . . .

11. . . . [D.H.] testified again . . . that her testimony at the trial of this matter was correct, that both the affidavit and testimony before Judge Meyer was false and that she did that in an effort to avoid having to come to court.

12. That [D.H.] further stated and the court finds that the events about which she testified during the trial were extremely embarrassing to her and that she told her friends and others that it did not happen because she was embarrassed by . . . [D]efendant's actions.

. . . .

15. That the court reviewed the trial transcript and the transcript of the July 1998 hearing and has had ample opportunity to evaluate the demeanor of the victim as well as other witnesses called during this hearing.

The trial court then concluded as a matter of law that "the court is not reasonably well satisfied that the testimony of [D.H.] given at the original trial was false." Accordingly, the trial court denied Defendant's motion for appropriate relief.

The issues are whether: (I) Defendant waived his objection to testimony regarding the videotapes and camcorder when he did not ini-

STATE v. DOISEY

[138 N.C. App. 620 (2000)]

tially object to admission of testimony regarding the videotapes and later gave testimony regarding the videotapes and camcorder; (II) admission of testimony regarding the videotapes and camcorder was inadmissible pursuant to Rule 404(b) of the North Carolina Rules of Evidence, and whether admission of this testimony was plain error; and (III) the trial court abused its discretion when ruling on Defendant's motion for appropriate relief by concluding it "is not reasonably well satisfied that the testimony of [D.H.] given at the original trial was false."

I

"[T]o preserve a question for appellate review, a party must have presented to the trial court a timely request, objection or motion." N.C.R. App. P. 10(b)(1). Moreover, "the admission of evidence without objection waives prior or subsequent objection to the admission of evidence of a similar character." *State v. Campbell*, 296 N.C. 394, 399, 250 S.E.2d 228, 231 (1979).

[1] In this case, Defendant assigns error to the admission of testimony regarding the videotapes and camcorder. Defendant, however, permitted admission of evidence regarding the videotapes and camcorder without objection. Gauldin testified without objection that Defendant placed the camcorder in the bathroom and had taped people coming in and out of the bathroom. Although Defendant did object to Wheeler's testimony about the contents of the videotapes, he raised no objection to Wheeler's testimony regarding his discovery of the camcorder. Moreover, Defendant himself later testified in detail regarding his placement of the camcorder in the bathroom. Defendant's objection to this evidence, therefore, was waived by the prior and subsequent admission of testimony about the camcorder and videotapes.

II

[2] Defendant argues testimony regarding the camcorder and videotapes was inadmissible pursuant to Rules 403 and 404(b) of the North Carolina Rules of Evidence, and admission of this evidence was plain error.

The test for plain error places the burden on a defendant to show that error occurred and the error "had a probable impact on the jury's finding of guilt." *State v. Odom*, 307 N.C. 655, 661, 300 S.E.2d 375, 379 (1983). The error must be a " ' "*fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot

have been done." ' " *Id.* at 660, 300 S.E.2d 378 (quoting *United States v. McCaskill*, 676 F.2d 995, 1002 (4th Cir.) (footnote omitted), *cert. denied*, 459 U.S. 1018, 74 L. Ed. 2d 513 (1982)).

Rule 404(b) states, in pertinent part: "Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith." N.C.G.S. § 8C-1, Rule 404(b) (1999). Rule 404(b), however, is a general rule of inclusion, *State v. Coffey*, 326 N.C. 268, 278-79, 389 S.E.2d 48, 54 (1990), and evidence of conduct is admissible "so long as the evidence is relevant for some purpose *other than* to show that defendant has the propensity for the type of conduct for which he is being tried," *State v. Morgan*, 315 N.C. 626, 637, 340 S.E.2d 84, 91 (1986). Examples of such proper purposes include "proof of motive, opportunity, intent, preparation, plan, [and] knowledge." N.C.G.S. § 8C-1, Rule 404(b).

In this case, the State contends in its brief to this Court Defendant's use of a camcorder to record activities in the bathroom is relevant to show Defendant's "design or scheme to take sexual advantage of young children." The testimony concerning the videotapes showed both children and adults, including Defendant and Gauldin, in the bathroom, and there was some evidence the camcorder was placed in the bathroom at Gauldin's request. Assuming, however, Defendant placed the camcorder in the bathroom without Gauldin's knowledge, the taping of activities in a bathroom, though deviant behavior, is conduct dissimilar to the conduct with which Defendant was charged. The evidence regarding the videotapes, therefore, did not tend to show Defendant's plan or scheme to sexually assault D.H. *See State v. Maxwell*, 96 N.C. App. 19, 24, 25, 384 S.E.2d 553, 556-57 (1989) (evidence the defendant frequently appeared nude in front of his children and had fondled himself in presence of daughter was not properly admitted to show "plan or scheme to take advantage of his daughter"), *disc. review denied*, 326 N.C. 53, 389 S.E.2d 83 (1990). It was, therefore, error under Rule 404(b) to admit this evidence.[2]

In order to show plain error, however, Defendant must also demonstrate the admission of the evidence "had a probable impact on the jury's finding of guilt." *Odum*, 307 N.C. at 661, 300 S.E.2d at 379.

_____

2. Because testimony regarding the camcorder and videotapes was inadmissible pursuant to Rule 404(b), we need not address Defendant's argument the evidence was also inadmissible pursuant to Rule 403.

In this case, D.H. testified Defendant came into her room in December of 1995 and inserted his finger into her vagina, and his penis into her vagina, "butt," and mouth. D.H. also testified that on 10 January 1996, Defendant again came into her bedroom and inserted his finger into her vagina and "butt," and inserted his penis into her vagina, "butt," and mouth. Gauldin testified Defendant was in D.H.'s room on the night of 10 January 1996 and, when she found Defendant in D.H.'s room, D.H. told her Defendant had "messed" with her. Finally, Gauldin and Wheeler both testified D.H. made statements to them consistent with her testimony regarding what Defendant had done to her. Defendant has not shown, in view of all other evidence admitted in this case, that admission of testimony regarding the videotapes and camcorder had a "probable impact on the jury's finding of guilt." Admission of the testimony, therefore, was not plain error.

III

[3] Defendant argues the trial court's findings of fact do not support its conclusion that it "is not reasonably well satisfied that the testimony of [D.H.] given at the original trial was false."[3] We disagree.

The test for determining whether a defendant may be granted a new trial on the basis of recanted testimony is whether "1) the court is reasonably well satisfied that the testimony given by a material witness is false, and 2) there is a reasonable possibility that, had the false testimony not been admitted, a different result would have been reached at the trial." *State v. Britt*, 320 N.C. 705, 715, 360 S.E.2d 660, 665 (1987). If an evidentiary hearing is held on a defendant's motion for appropriate relief, the defendant has the burden of proving by a preponderance of the evidence the facts necessary to support the motion. N.C.G.S. § 15A-1420(c)(5) (1999). When reviewing an order entered on a motion for appropriate relief, this Court is bound by the trial court's findings of fact if they are supported by any competent evidence, and "the trial court's ruling on the facts may be disturbed only when there has been a manifest abuse of discretion, or when it is based on an error of law." *State v. Harding*, 110 N.C. App. 155, 165, 429 S.E.2d 416, 423 (1993).

---

3. Defendant argues in his brief to this Court that the admission of D.H.'s testimony violated Article I, Section 19 of the North Carolina Constitution and the Due Process Clause of the Fourteenth Amendment to the United States Constitution. Defendant, however, did not raise this constitutional argument before the trial court and this issue, therefore, is not properly before this Court. *See State v. Hunter*, 305 N.C. 106, 112, 286 S.E.2d 535, 539 (1982) ("a constitutional question which is not raised and passed upon in the trial court will not ordinarily be considered on appeal").

In this case, the trial court found as fact D.H. signed an affidavit stating her testimony at trial was false and testified at the 1 July 1998 hearing on Defendant's motion for appropriate relief that her testimony at trial was false. D.H. testified at the 13 December 1999 hearing, however, that "she signed the affidavit after being repeatedly questioned about the facts leading to the conviction of . . . [D]efendant by friends and family members of . . . [D]efendant and also in an effort to avoid having to again testify in this matter." The trial court found as fact D.H. reaffirmed at the 13 December 1999 hearing "that her testimony at the trial of this matter was correct." The trial court also found as fact that "the events about which [D.H.] testified during the trial were extremely embarrassing to her and . . . she told her friends and others that it did not happen because she was embarrassed by . . . [D]efendant's actions." Based on these findings of fact, the trial court did not abuse its discretion by concluding "the court is not reasonably well satisfied that the testimony of [D.H.] given at the original trial was false."[4] *See State v. Shelton*, 21 N.C. App. 662, 665, 205 S.E.2d 316, 318 (noting a recantation is particularly unreliable when there has been a repudiation of the recantation), *cert. denied*, 285 N.C. 667, 207 S.E.2d 760 (1974). Accordingly, the trial court did not err by denying Defendant's motion for appropriate relief.[5]

Defendant makes no argument in support of his four remaining assignments of error and fails to cite any authority in support of these issues; therefore, these assignments of error are deemed abandoned. N.C.R. App. P. 28(b)(5).

No error.

Judges EDMUNDS and SMITH concur.

---

4. Defendant does not argue in his brief to this court that the trial court's findings of fact are not supported by competent evidence and this issue, therefore, is not properly before this Court. N.C.R. App. P. 28(b)(5).

5. Defendant argues in his brief to this Court that the trial court did not have subject matter jurisdiction in this case because Defendant's indictment for first-degree sexual offense did not allege all of the elements of that crime. The indictment in this case, however, complied with N.C. Gen. Stat. § 15-144.2, which authorizes a short-form indictment for the crime of first-degree sexual offense. *See* N.C.G.S. § 15-144.2 (1999). The trial court, therefore, had subject matter jurisdiction over Defendant. *See State v. Wallace*, 351 N.C. 481, 504-08, 528 S.E.2d 326, 342-44 (2000).