STATE OF NORTH CAROLINA v. DARRELL LOVE

No. COA01-1275

(Filed 3 September 2002)

**1. Evidence— sexual abuse on female minor victim's mother nearly twenty years before—proof of identity, common scheme, plan, modus operandi, and intent—remoteness**

The trial court did not err in a first-degree sexual offense and first-degree kidnapping of a female minor case by admitting evidence of alleged sexual abuse by defendant on the female minor

STATE v. LOVE

[152 N.C. App. 608 (2002)]

victim's mother nearly twenty years before the present charge, when the mother was nine years old, because: (1) the evidence was admissible under N.C.G.S. § 8C-1, Rule 404(b) to show proof of identity, a common scheme or plan or modus operandi, and intent; (2) defendant has waived any objection he may have previously raised as to its admissibility when this evidence was later admitted by an officer without objection; (3) even assuming arguendo that defendant did not waive his objection, the evidence presented at trial was substantial, and the female minor's testimony was corroborated in part by her mother, siblings, and cousins; (4) North Carolina courts have permitted testimony of prior acts of sexual misconduct which occurred greater than seven to twelve years even though defendant contends the acts against the female minor's mother were too remote; and (5) the probative value of the testimony about defendant's earlier sexual misconduct was admissible and the record fails to show evidence reflecting that the trial court abused its discretion in determining that the probative value outweighed the prejudicial effect.

**2. Evidence— corroboration—officer's testimony—statement from female minor victim's mother**

The trial court did not commit plain error in a first-degree sexual offense and first-degree kidnapping of a female minor case by admitting an officer's testimony concerning a statement he took from the female minor victim's mother that twenty years earlier defendant would give her candy and dollars in return for sexual acts and that defendant continued to proposition her, because: (1) a witness's prior consistent statements are admissible to corroborate the witness's sworn trial testimony; and (2) the variations in the mother's testimony at trial do not directly contradict her statement given to the officer, but instead the information in the statement was substantially similar to and tended to strengthen and confirm her testimony at trial regarding the alleged sexual abuse.

**3. Criminal Law— jury instruction—definition of corroboration**

The trial court did not err in a first-degree sexual offense and first-degree kidnapping of a female minor case by allegedly failing to properly define corroboration in a jury instruction regarding a statement of the female minor's mother to an officer, because: (1) the failure of a trial court to define corroboration in

a jury instruction is not error; and (2) defendant did not object to this instruction, nor did he request an additional instruction.

### 4. Discovery— late revelation—failure to disclose defendant's statements

The trial court did not abuse its discretion in a first-degree sexual offense and first-degree kidnapping of a female minor case by overruling defendant's objections to the admission of statements he made that were allegedly not provided to him through discovery, because: (1) the State learned about one of the statements the day before trial, the trial court found the statement was a similar and related descriptive phrase, and there is no showing that this late revelation upset defendant's overall strategy or that he was otherwise prejudiced by the late discovery; and (2) where trial testimony is substantially similar to what in substance was provided during discovery and variations are attributable to the addition or elaboration of detail or merely changes in vocabulary or syntax, the testimony is admissible and in full compliance with our discovery rules.

### 5. Indictment and Information— short-form—first-degree sexual offense

The trial court did not err by finding an indictment for first-degree sexual offense to be constitutionally valid, because the indictment complied with N.C.G.S. § 15-144.2 which authorizes a short-form indictment for the crime of first-degree sexual offense.

Appeal by defendant from judgment entered 8 March 2001 by Judge W. Erwin Spainhour in Superior Court, Rowan County. Heard in the Court of Appeals 14 August 2002.

*Attorney General Roy Cooper, by Assistant Attorney General Diane G. Miller, for the State.*

*Rudolf, Maher, Widenhouse & Fialko, by M. Gordon Widenhouse, Jr., for the defendant-appellant.*

WYNN, Judge.

Following his convictions for first degree sexual offense and first degree kidnapping of a female minor, the defendant brings the following issues on appeal of whether the trial court erred by (I) admitting evidence of an alleged sexual act by defendant on the female

**STATE v. LOVE**

[152 N.C. App. 608 (2002)]

minor's mother nearly twenty years before the present charge, (II) admitting an officer's testimony concerning a statement he took from the female minor's mother, (III) giving a jury instruction on corroboration regarding the female minor's mother's statement to the officer; (IV) overruling defendant's objections to the admission of statements he made that were not provided to him through discovery, and (V) finding the indictment for first degree sexual offense constitutionally valid. For the reasons stated below, we find no error in his trial.

The State's evidence tended to show that on the evening of 15 July 1999, a six-year-old child was playing outdoors with her brother, two sisters and two cousins. Defendant was nearby and asked the female minor to help him find his dog's collar. After searching for the collar, defendant told the female minor to come and clean his house and told the other children to go home.

Defendant grabbed the female minor's arm and took her into his house. Once inside, defendant pulled down the female minor's pants and panties and performed oral sex on her. Defendant told her not to tell her mother what had happened. Afterwards, the female minor unlocked the door and started walking home, holding a dollar bill that defendant gave her.

In the meantime, the other children went to the female minor's home and told her mother that the female minor was with defendant. As the female minor's mother started walking towards defendant's house, she saw her daughter whom she asked if defendant did anything to her. Initially, the female minor answered no, and stated that defendant wanted her to clean his house. Later, however, the female minor told her mother what defendant did to her; consequently, her mother contacted the police. Following conviction by a jury, the trial court imposed a sentence of 230 months to 285 months for the first degree sexual offense conviction and arrested judgment on the first degree kidnapping conviction.

[1] On appeal, defendant first contends that the trial court committed reversible error by admitting irrelevant and inflammatory evidence of an alleged sexual act by him on the female minor's mother nearly twenty years before the present charge. We disagree.

Under Rule 404(b):

Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other

purposes, such as proof of motive, opportunity, intent, prepara-
tion, plan, knowledge, identity, or absence of mistake, entrap-
ment, or accident . . . .

N.C. Gen. Stat. § 8C-1, Rule 404(b) (2001). Thus, Rule 404(b) allows
admission of conduct evidence so long as it is offered for a purpose
other than to show that defendant had the propensity to engage in the
charged conduct. *See State v. Morgan*, 315 N.C. 626, 637, 340 S.E.2d
84, 91 (1986). Moreover, if specific acts are relevant and competent as
evidence of something other than character, they are not inadmissible
because they incidentally reflect upon character. *See State v. Penley*,
6 N.C. App. 455, 466, 170 S.E.2d 632, 639 (1969).

When the evidence is offered for a proper purpose, the ultimate
test of admissibility is whether the incidents are sufficiently similar to
those in the case at bar and not so remote in time as to be more prej-
udicial than probative under the Rule 403 test. *See State v. Cotton*, 318
N.C. 663, 665, 351 S.E.2d 277, 279 (1987). The similarities between the
acts do not have to be unique or bizarre; rather, they must tend to sup-
port a reasonable inference that the same person committed both
acts. *See State v. Stager*, 329 N.C. 278, 304, 406 S.E.2d 876, 891 (1991).
Remoteness in time generally affects the weight to be given to the evi-
dence, but not its admissibility. *See id.* at 307, 406 S.E.2d at 893.
Further, remoteness in time is less important when the prior act is
used to show intent, motive, knowledge, or lack of mistake. *See State
v. White*, 349 N.C. 535, 553, 508 S.E.2d 253, 265 (1998*), cert. denied*,
527 U.S. 1026, 144 L. Ed. 2d 779 (1999). "With respect to prior sexual
offenses, we have been very liberal in permitting the State to present
such evidence to prove any relevant fact not prohibited by Rule
404(b)." *State v. White*, 331 N.C. 604, 612, 419 S.E.2d 557, 561 (1992).

In the present case, the trial court conducted a *voir dire* hearing,
to determine the admissibility of the testimony of the female minor's
mother concerning alleged sexual abuse by defendant After *voir dire*,
the trial court concluded in a written order that the testimony of the
female minor's mother was admissible to show the identity of the man
who abused her on 15 July 1999, common scheme or plan, or *modus
operandi*, intent on the part of defendant in that he intentionally
abused the female minor. The trial court further concluded the testi-
mony was admissible under Rules 403 and 404(b) of the North
Carolina Rules of Evidence.

At trial, the mother of the female minor testified, on direct exam-
ination over defendant's objection, that when she was about nine

years old defendant engaged in sexual acts with her on three or four occasions. She also testified that defendant told her not to tell anyone about the occurrences and that she was scared. The trial court allowed into evidence this testimony to show proof of identity, a common scheme or plan or modus operandi, and intent.

Later in the trial, Lieutenant John Sifford testified and described his interview with the female minor's mother on 17 July 1999. During the interview, she told the officer what defendant did to her when she was a child. The officer took a detailed statement from her and read the statement to the jury without objection. Because this evidence was later admitted by Lieutenant Sifford without objection, defendant has waived any objection he may have previously raised as to its admissibility. *See State v. Hunt*, 325 N.C. 187, 196, 381 S.E.2d 453, 459 (1989) (benefit of objection lost when same or similar evidence has been admitted or is later admitted without objection); *State v. Moses*, 316 N.C. 356, 362, 341 S.E.2d 551, 555 (1986) (benefit of defendant's objection to introduction of letter lost when defendant later read from letter).

Even assuming *arguendo* that defendant did not waive his objection, the trial court did not err in allowing the testimony of the female minor's mother. The evidence presented at trial was substantial, the female minor's testimony was corroborated in part by her mother, siblings, and cousins.

Nonetheless, defendant contends that the acts against the female minor's mother were too remote; he relies on *State v. Jones*, 322 N.C. 585, 369 S.E.2d 822 (1988), where our Supreme Court found that a span of seven to twelve years renders a prior sexual act too remote. However, since *Jones*, our Courts have permitted testimony of prior acts of sexual misconduct which occurred greater than seven to twelve years earlier. *See State v. Frazier*, 344 N.C. 611, 616, 476 S.E.2d 297, 300 (1996) (testimony showed that defendant's prior acts of sexual abuse occurred over a period of approximately twenty six years); *State v. Penland*, 343 N.C. 634, 654, 472 S.E.2d 734, 745 (1996) (a ten-year gap between instances of similar sexual misbehavior did not render them so remote in time as to negate the existence of a common plan or scheme); *State v. Shamsid-Deen*, 324 N.C. 437, 379 S.E.2d 842 (1989) (sexual misconduct occurred during a twenty-year period).

In *Frazier*, the testimony in question tended to prove that the defendant's prior acts of sexual abuse occurred over a period of approximately twenty-six years and in a strikingly similar pattern. In

the present case, the testimony of the minor female's mother also indicated a strikingly similar pattern of sexual abuse acts by defendant. Both mother and daughter were young children, in each instance, defendant made the victim sit on his face and licked the child's genitalia, and both victims were related to defendant. Moreover, the trial court made the findings in its order that this was similar to the incident involving the child.

Defendant further argues that the evidence at issue does not show that his alleged bad acts constituted a continuous pattern which our courts require. However, in considering the question of a continuous pattern, "[w]hen there is a period of time during which there is no evidence of sexual abuse, the lapse does not require exclusion of the evidence if the defendant did not have access to the victims during the lapse." *State v. Frazier*, 121 N.C. App. 1, 11, 464 S.E.2d 490, 495 (1995), *decision affirmed*, 344 N.C. 611, 476 S.E.2d 297 (1996). Moreover, our Court has found evidence of other crimes committed in an unusual and similar manner admissible. *See State v. Wortham*, 80 N.C. App. 54, 62, 341 S.E.2d 76, 81 (1986), *reversed in part on other grounds*, 318 N.C. 669, 351 S.E.2d 294 (1987); *see also State v. Riddick*, 316 N.C. 127, 134, 340 S.E.2d 422, 427 (1986) (remoteness in time less important when *modus operandi* so strikingly similar); *State v. Lloyd*, 354 N.C. 76, 89, 552 S.E.2d 596, 609 (2001) (similar evidence properly admitted to show lack of accident); *State v. Penland*, 342 N.C. 634, 654, 472 S.E.2d 2d 734, 745 (1996), *cert. denied*, 519 U.S. 1098, 136 L. Ed. 2d 725 (1996) (ten-year gap between incidents not too long given distinct and bizarre behaviors that suggest ongoing plan). The record in this case shows that the alleged sexual acts that occurred to the minor female and her mother although separated by a long period were strikingly similar.

Defendant also argues that the evidence should have been excluded under Rule 403 which provides,

relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

N.C. Gen. Stat. § 8C-1, Rule 403 (2001).

However, a trial court's decision to admit evidence under Rule 403 will not be grounds for relief on appeal unless it is "manifestly

unsupported by reason or is so arbitrary it could not have been the result of a reasoned decision." *State v. Syriani*, 333 N.C. 350, 379, 428 S.E.2d 118, 133, cert. denied, 510 U.S. 948, 126 L. Ed.2d 341 (1993). Moreover, to show prejudice arising from an evidentiary ruling under Rule 403, "defendant must persuade this Court that had the trial court not admitted the [evidence], a different outcome likely would have been reached." *State v. Mann*, 355 N.C. 294, 306, 560 S.E.2d 776, 784 (2002) (citing N.C. Gen. Stat. § 15A-1443(a) (1999)); *See State v. Mason*, 315 N.C. 724, 340 S.E.2d 430 (1986).

In the present case, the probative value of the testimony about defendant's earlier sexual misconduct was admissible and the record fails to show evidence reflecting that the trial court abused its discretion in determining that the probative value outweighed the prejudicial effect. Thus, this assignment of error is rejected.

[2] Next, defendant contends that he is entitled to a new trial because of the erroneous and prejudicial admission of a non-corroborative hearsay statement of the mother. We disagree.

As we stated previously, defendant did not object to the trial court allowing Lieutenant Sifford to read into the record a statement he took from the female minor's mother concerning the alleged sexual abuse by defendant. After the officer testified, the trial court *sua sponte* instructed the jury that the officer's statement was admitted to corroborate the mother's testimony.

Defendant failed to object and waived his right to challenge the introduction of this evidence. Since there was no objection to the introduction of this evidence, defendant must establish plain error by showing that it was a "fundamental error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done." *United States v. McCaskill*, 676 F.2d 995, 1002 (4th Cir.), *cert. denied*, 459 U.S. 1018, 74 L. Ed. 2d 513 (1982); *see also State v. Dale*, 343 N.C. 71, 468 S.E.2d 39 (1996). Before granting relief based on the plain error rule, "the appellate court must be convinced absent the error the jury probably would have reached a different verdict." *State v. Walker*, 316 N.C. 33, 39, 340 S.E.2d 80, 83 (1986).

"It is well-settled that a witness' prior consistent statements are admissible to corroborate the witness' sworn trial testimony." *State v. McGraw*, 137 N.C. App. 726, 730, 529 S.E.2d 493, 497 (2000). "Corroborative evidence by definition tends to 'strengthen, confirm, or make more certain the testimony of another witness.'" *Id.* (quot-

ing *State v. Adams*, 331 N.C. 317, 328-29, 416 S.E.2d 380, 386 (1992). "Slight variances or inconsistencies in and between the corroborative testimony and that sought to be corroborated, however, do not render the corroborative testimony inadmissible." *State v. Burns*, 307 N.C. 224, 230, 297 S.E.2d 384, 387 (1982). Corroborative testimony may contain additional information when it strengthens or adds credibility to the testimony in which it corroborates but it may not contradict trial testimony. *See id.*

Defendant specifically argues that Lieutenant Sifford's statement was erroneously admitted because it contained new material that was grossly prejudicial to him and did not add weight or credibility to the testimony of the mother. He specifically objects to the parts of the statement where she told the officer that defendant "would give me candy and dollars in return," that "one of the incidents occurred in the woods," that defendant "did proposition me many times to let him do this to me again," and that defendant "still continued to proposition me about this and did so about two months ago." "In the ordinary course of things, an individual will not describe the same event in precisely the same way on any two occasions. Nor is it necessary that a person do so in order that his prior consistent statements be admissible to corroborate his testimony at trial." *State v. Burns*, 307 N.C. at 230, 297 S.E.2d at 387.

In the present case, the variations in the mother's testimony at trial do not directly contradict her statement given to Lieutenant Sifford; rather, the information in the statement was "substantially similar to and tended to strengthen and confirm" her testimony at trial regarding the alleged sexual abuse. *State v. McCord*, 140 N.C. App. 634, 657, 538 S.E.2d 633, 647 (2000) (citations omitted), *review denied*, 353 N.C. 392, 547 S.E.2d 33 (2001). Accordingly, we reject this assignment of error.

[3] Next, defendant contends that the trial court did not properly define corroboration for the jury and that the trial court should have instructed the jury pursuant to N.C.P.I. - Crim. 105.20, the pattern jury instruction for corroboration. We disagree.

The trial court instructed the jury as follows:

Ladies and gentlemen, the evidence you just heard, that is a statement that the lieutenant just talked about before, it was offered for the purpose of corroborating the testimony of [the female minor's mother] and for no other purpose.

The failure of the trial court to define corroboration in a jury instruction is not error. *See State v. Lee*, 248 N.C. 327, 328, 103 S.E.2d 295, 296 (1958); *State v. Hill*, 32 N.C. App. 261, 231 S.E.2d 682, 684 (1977); *State v. Satterfield*, 27 N.C. App. 270, 218 S.E.2d 504 (1975). For example, our Supreme Court held that a trial court's instruction that stated "if you find that this statement does corroborate his/her testimony," to be sufficient. *State v. Alston*, 307 N.C. 321, 332, 298 S.E.2d 631, 640 (1983) (citing *State v. Detter*, 298 N.C. 604, 630, 260 S.E.2d 567, 585 (1979); *See also State v. Case*, 253 N.C. 130, 136, 116 S.E.2d 429, 433 (1960), *cert. denied*, 365 U.S. 830, 81 S. Ct. 717, 5 L. Ed.2d 707 (1961)). We find this instruction similar to the instruction given in the present case. Moreover, the record shows that defendant did not object to this instruction, nor did he request an additional instruction. "The admission of evidence which is competent for a restricted purpose without limiting instructions will not be held to be error in the absence of a request by the defendant for such limiting instructions." *State v. Coffey*, 326 N.C. 268, 286, 389 S.E.2d 48, 59 (1990). Therefore, this assignment of error is rejected.

**[4]** Next, defendant contends that the trial court erred in overruling his objections to the admission of three statements that were not provided to him through discovery. We disagree.

Defendant specifically argues that admitting these statements was a discovery violation under N.C. Gen. Stat. § 15A-903. N.C. Gen. Stat. § 15A-903(a)(2) (2001) which requires a prosecutor to disclose to a defendant the substance of any relevant statements made by the defendant, in possession of the State, and the existence of which is known to the prosecutor. However, a trial court is not required to impose sanctions for late discovery; instead, it is a matter of discretion for the trial judge. *See* N.C. Gen. Stat. § 15A-910 (2001); *State v. Weeks*, 322 N.C. 152, 171, 367 S.E.2d 895, 906 (1988); *State v. Gardner*, 311 N.C. 489, 506, 319 S.E.2d 591, 603 (1984), *cert. denied*, 469 U.S. 1230, 84 L. Ed. 2d 369 (1985).

In the present case, defendant objected to the testimony of the female minor's cousin who testified that she heard defendant describe the female minor as a "thick juicy plum." Before it was offered, defendant objected to this testimony because it was not provided through discovery. The State responded that it had just learned about the statement the day before the trial, and because defendant had been provided with discovery where he had made similarly sexually suggestive comments about the female minor to her mother, defendant would not be unfairly surprised by the cousin's statement.

The trial court found that the statement was a similar and related descriptive phrase and overruled defendant's objection. Furthermore, there is no showing that this late revelation upset defendant's overall strategy or that he was otherwise prejudiced by the late discovery.

Defendant also argues in his brief that a statement made by the female minor's mother was a discovery violation and constituted error. At trial, the mother stated that defendant told her, "Your daughter got those big thighs like you do. You know she's real thick and got those big thighs like you did when you were little." Defendant made an objection. However, the trial court pointed out that "there were other similar and related descriptive phrases. I'll overrule the objection at this time." Defendant also made an objection to a statement made by the female minor's aunt, who testified that she heard defendant say to other females, "just sit on my head, make my head feel good."

"Where, as in the present case, trial testimony is *substantially similar* to what in substance was provided during discovery, and variations are attributable to the addition or elaboration of detail or merely changes in vocabulary or syntax, the testimony is admissible, and in full compliance with our discovery rules." *State v. Pridgen,* 313 N.C. 80, 91, 326 S.E.2d 618, 625 (1985).

The record on appeal shows that as to the statement by the female minor's cousin, the trial court made a determination that the statement was similar to other statements; and as to the other two statements, we cannot find that the objection to these statements was grounded on a discovery violation, or that defendant was not provided with this information through discovery. "This Court has held that discretionary rulings of the trial court will not be disturbed on the issue of failure to make discovery absent a showing of bad faith by the state in its noncompliance with the discovery requirements." *State v. McClintick,* 315 N.C. 649, 662, 340 S.E.2d 41, 49 (1986). Therefore, this assignment of error is rejected.

**[5]** In his final argument, defendant contends that the indictment for first degree sexual offense was not constitutionally valid because it failed to allege one of the elements of the offense in light of *Apprendi v. New Jersey.* We disagree.

Both our legislature and our courts have endorsed the use of short-form indictments for rape and sex offenses, even though such indictments do not specifically allege each and every ele-

ment. N.C. Gen. Stat. § 15-144.1 (1999) (outlining requirements for rape indictment); N.C. Gen. Stat. § 15-144.2(a) (outlining requirements for sex offense indictment); State v. Edwards, 305 N.C. 378, 380, 289 S.E.2d 360, 362 (1982) (upholding short-form indictments for sex offenses); State v. Lowe, 295 N.C. 596, 604, 247 S.E.2d 878, 883-84 (1978) (upholding short-form indictments for rape).

*State v. Harris*, 140 N.C. App. 208, 215, 535 S.E.2d 614, 619, *review denied*, 353 N.C. 271, 546 S.E.2d 122 (2000). The indictment in this case complied with N.C. Gen. Stat. § 15-144.2 (2001) which authorizes a short-form indictment for the crime of first-degree sexual offense, and thus, the trial court had subject matter jurisdiction over defendant. *See State v. Wallace*, 351 N.C. 481, 503-06, 528 S.E.2d 326, 342-44, *cert. denied*, 531 U.S. 1018, 148 L. Ed. 2d 498 (2000); *State v. Doisey*, 138 N.C. App. 620, 628, 532 S.E.2d 240, 246, *review denied*, 352 N.C. 678, 545 S.E.2d 434 (2000), *cert. denied*, 531 U.S. 117, 148 L. Ed. 2d 1015 (2001). Accordingly, we reject this assignment of error.

In summation, we hold that defendant received a fair trial, free from prejudicial error.

No error.

Judges HUDSON and CAMPBELL concur.